Filed 10/11/23  P. v. Young CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096971 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE009629) |
| v. | |
| EDDIE YOUNG, | |
| Defendant and Appellant. | |

After a jury found several firearm and great bodily injury enhancements true as part of its verdict, defendant Eddie Young successfully argued at his sentencing that one of those enhancements should be dismissed pursuant to Penal Code section 1385. (Statutory section citations that follow are found in the Penal Code unless otherwise stated.)  On appeal, both parties seek remand but for different reasons.

Defendant argues trial counsel was ineffective because counsel failed to argue for dismissal of a second enhancement under section 1385.  The People disagree but seek

1

remand so the trial court may delineate the basis for certain penalty assessments that were included in the abstract of judgment but not orally pronounced.

We conclude that defendant has established ineffective assistance of counsel as to his sentencing. Accordingly, we will vacate the sentence and remand for resentencing.

FACTS AND HISTORY OF THE PROCEEDINGS

In June 2020, Robert C. was walking down an alleyway when he was approached by defendant and two others in a car. Defendant got out of the car and patted Robert down like he was looking for something. Defendant then turned around, as though he was going to walk away, but then stopped and shot Robert in the chest.

A jury found defendant guilty of attempted murder (§§ 664, 187, subd. (a)), attempted robbery (§§ 664, 211), assault with a semiautomatic firearm (§ 245, subd. (b)), and unlawful possession of a firearm (§ 29820). The jury further found that: (1) the attempted murder was committed willfully, deliberately, and with premeditation (§ 664, subd. (a)); (2) as to attempted murder and attempted robbery, defendant personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), as well as finding true lesser firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subds. (b)-(c)); and (3) as to assault with a semiautomatic firearm, defendant personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury causing paralysis (§ 12022.7, subd. (b)).

In a bifurcated proceeding, the trial court found the following six aggravating circumstances true: (1) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (California Rules of Court, rule 4.421(a)(1)) (rule citations that follow are to the California Rules of Court); (2) defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); (3) defendant's sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness (rule 4.421(b)(2)); (4)

2

defendant was on probation when the offense was committed (rule 4.421(b)(4)); (5) defendant was armed with or used a weapon at the time of the commission of the crime (rule 4.421(a)(2)); and (6) defendant's prior performance on probation was unsatisfactory (rule 4.421(b)(5)).

Defendant argued prior to sentencing that, pursuant to section 1385, subdivision (c)(2)(B), one of the enhancements for personally and intentionally discharging a firearm causing great bodily injury should be dismissed. At the sentencing hearing, the trial court agreed, explaining that, "in order to not dismiss it, as the statute indicates that I must, I would need to find that it's necessary in order to avoid physical injury or serious danger to others, and I don't think I could make that finding because Mr. Young is getting a life sentence—an indeterminate life sentence, and it's not clear that he would be released from that sentence at any point, and if he ever is released, it would only be after a very long period of time and if the parole board found that he was suitable for release. [¶] So under the new [section] 1385[, subdivision] (c), I am going to strike that second enhancement of [section] 12022.53 . . . ."

The trial court ultimately sentenced defendant to: (1) seven years to life for attempted murder; (2) 25 years to life for the remaining firearm enhancement under section 12022.53, subdivision (d); (3) the upper term of three years for the attempted robbery; and (4) eight months (one-third the midterm) for the unlawful possession of a firearm. The court stayed punishment pursuant to section 654 for the assault with a semiautomatic weapon. In total, defendant was sentenced to an indeterminate term of 32 years to life and a determinate term of three years eight months. The court also orally imposed a $3,000 restitution fine, a suspended $3,000 parole revocation fine, and $500 in direct victim restitution. Beyond those fines and fees, the minute orders and abstract of judgment indicate additional assessments of $120 under section 1465.8 and $90 under Government Code section 70373, though the court did not orally pronounce such assessments.

3

DISCUSSION

I

*Ineffective Assistance of Counsel*

Defendant raises two issues on appeal. First, defendant argues his trial counsel was ineffective for failing to argue that, under a different provision of section 1385, the trial court should have also dismissed the remaining section 12022.53, subdivision (d) enhancement. Second, defendant argues that the two assessments included in the abstract of judgment that were not orally pronounced are improper and should be deleted.

"To establish constitutionally inadequate representation, a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-696.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) That said, "deference to counsel's performance is not the same as abdication" and " 'must never be used to insulate counsel's performance from meaningful scrutiny and thereby automatically validate challenged acts or omissions.' " (*People v. Centeno* (2014) 60 Cal.4th 659, 675.)

"In 2021, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) . . . , which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

4

Subdivision (c)(1) of section 1385 as amended provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) of section 1385 provides in relevant part: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

The two pertinent mitigating circumstances here are when "[m]ultiple enhancements are alleged in a single case" (§ 1385, subd. (c)(2)(B)) and when "[t]he application of an enhancement could result in a sentence of over 20 years" (*id*., subd. (c)(2)(C)). Trial counsel below successfully argued under the former provision that one of defendant's section 12022.53, subdivision (d) enhancements should be struck because there were multiple enhancements. Defendant now submits that trial counsel was ineffective for failing to also argue that the remaining section 12022.53, subdivision (d) enhancement—which carries a sentence of 25 years to life—should have been dismissed under section 1385, subdivision (c)(2)(C) because that enhancement "could result in a sentence of over 20 years."

Defendant maintains there is simply no satisfactory explanation why trial counsel did not seek to have the remaining enhancement dismissed. We agree. Having already argued to the court that all but a single enhancement should be dismissed under section 1385, subdivision (c)(2)(B), we can conceive of no reasonable tactical purpose for not also moving for dismissal of the remaining enhancement under the same standard. (Cf. *People v. Centeno, supra,* 60 Cal.4th at pp. 675-676 [concluding on direct appeal that there was no conceivable tactical reason for counsel's failure to object to misstatement of burden of proof].)

5

We further conclude there is a reasonable probability that, but for trial counsel's deficient performance, defendant would have achieved a more favorable result. The trial court reasoned when dismissing defendant's first section 12022.53, subdivision (d) enhancement that doing so would not endanger public safety because defendant "is getting a life sentence—an indeterminate life sentence, and it's not clear that he would be released from that sentence at any point, and if he ever is released, it would only be after a very long period of time and if the parole board found that he was suitable for release." This reasoning arguably applies with equal force to dismissing defendant's second section 12022.53, subdivision (d) enhancement because, even if that enhancement was dismissed, defendant would still be serving an indeterminate life sentence for attempted murder. We believe there is a sufficient probability the trial court would have also dismissed defendant's remaining section 12022.53, subdivision (d) enhancement. As such, we will remand the matter for resentencing.

II

*Abstract of Judgment*

The parties effectively agree that the trial court erred by including assessments in the abstract of judgment without orally pronouncing those assessments. The People seek remand so the trial court may delineate the appropriate assessments. As we have already concluded that resentencing is warranted, the parties may raise this issue in the trial court on remand.

DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for resentencing.

Pursuant to Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon finality of this appeal. Further, pursuant to Business and Professions Code section

6086.7, subdivision (b), the clerk of this court shall notify defendant's trial counsel that the matter has been referred to the State Bar.[1]

 

                                              _____

                                              HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

KEITHLEY, J.*

---

[1] Business and Professions Code section 6086.7, subdivision (a)(2) requires the court to notify the State Bar "[w]henever a modification or reversal of a judgment in a judicial proceeding is based in whole or in part on the misconduct, incompetent representation, or willful misrepresentation of an attorney."

* Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution